IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT WALLACE<br>and MICHELLE WALLACE | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. 4:14CV521 |
| U.S. BANK NATIONAL ASSOCIATION<br>as Trustee, Successor in Interest to BANK<br>OF AMERICA, et al. | § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants' Motion to Dismiss Under Rule 12(b)(6) (Dkt. 8). As set forth below, the Court finds that the motion should be GRANTED and that Plaintiffs' claims should be dismissed for failure to state a claim.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about August 29, 2006, Plaintiffs Robert Wallace and Michelle Wallace executed a Deed of Trust in favor of Argent Mortgage Company, LLC, the original lender for real property located at 915 Seaview Drive, Flower Mound, Texas, 75022 ("the Property"). Dkt. 4. On or about August 4, 2008, Argent Mortgage Company, LLC assigned its interest in the Deed of Trust to MERS. Plaintiffs allege that the August 4, 2008 assignment was void on its face because it was not

1

notarized until September 5, 2008.

On or about March 23, 2012, MERS assigned its interest in the Deed of Trust to U.S. Bank, Defendant herein. The assignment was executed by Sequita Knox, who is listed as a vice president of MERS and notarized by Miranda Avila. Plaintiffs allege that Knox and Avila are "robo signers," that Knox has never been employed by MERS, and that the assignment was notarized in Florida but Knox lives in Louisiana. Plaintiffs thus argue that this assignment is also void.

On July 17, 2014, Plaintiffs filed suit *pro se* in the 158th Judicial District of Denton County, Texas. Dkt. 4. Plaintiffs challenge the assignments and assert the following causes of action: (1) fraud; and (2) slander of title. Dkt. 4. Plaintiffs demand the "wet-ink" Note be produced and argue that only the holder of the Note has authority to foreclose. Plaintiffs also seek declaratory judgment that Defendants have committed fraud and seek to have the Court "interpret the meaning of the Texas Civil Practice and Remedy Code § 12.002(a) as it applies to Plaintiffs and Defendants in this matter." Dkt 4. at ¶36. Plaintiffs also seek injunctive relief enjoining Defendants from selling or otherwise taking possession of the Property.

On August 8, 2014, Defendants removed the matter to this Court. Dkt. 1. On August 15, 2014, Defendants filed a Rule 12(b)(6) motion to dismiss, seeking to dismiss all of Plaintiffs' claims. Dkt. 5.

Plaintiffs' *pro se* petition has not been amended since removal. The deadline to file amended pleadings has passed. *See* Dkt. 18. Therefore, the motion is ripe for resolution.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

**ANALYSIS**

The Court first addresses Defendants' argument that Plaintiffs' claims fail in their entirety because they are premised on show-me-the-note and split-the-note allegations. The Court agrees.

The Fifth Circuit has consistently rejected any challenges to foreclosure based on a claim that the foreclosing party did not hold the note. *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 255 (5th Cir. 2013) ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Casterline v. OneWest Bank, F.S.B.,* 537 Fed. App'x 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest.")*; Wigginton v. Bank of New York Mellon*, 488 Fed. App'x 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

As one court explains:

> Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Serv., L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942). *See also Aguero v. Ramirez,* 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). TEX. PROP. CODE ANN. § 51.002; *Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso 2009, pet. denied); TEX. BUS. & COM. CODE § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,* 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)). Thus, even if accepted as true, Plaintiffs' allegation that "[t]he Second Assignment never mentions the Note" Dkt. 4 at ¶ 20.

Similarly, the Fifth Circuit has rejected the argument that a party must produce the original Note in order to foreclose. *See, e.g., Van Duzer v. U.S. Bank Nat. Ass'n*, 582 Fed. App'x 279, 282-83 (5th Cir. 2014); *Casterline v. OneWest Bank, F.S.B.*, 537 Fed. App'x 314, 316 (5th Cir. 2013). "The party to foreclose need not possess the note itself." *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 255 (5th Cir. 2013). Therefore, Plaintiffs have not stated a claim here based on their contention that "MERS was never in possession of the Note." Dkt. 4 at ¶20. Plaintiff also cannot state any claim based on the claim that Defendants should not be able to enforce the subject Note

5

"without producing the original with all endorsements and allonges showing that particular Defendant's authority to enforce the Note along with proof of entitlement to payment...." Dkt. 4 at ¶21. Any of Plaintiffs' allegations challenging Defendants' authority to foreclose based on an allegation as to who held the Note do not state a viable claim and should be dismissed.

The Court next turns to Plaintiffs' challenges of the underlying assignments. The Court notes that the Fifth Circuit "has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust." *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014) (*citing Martins*, 722 F.3d at 253–55).

According to the Assignment of Deed of Trust/Transfer of Lien, Argent Mortgage Company, LLC, the lender named in the Deed of Trust assigned the Deed of Trust to MERS on August 4, 2008. Dkt. 4 at 43. And, on March 23, 2012, MERS executed a Corporate Assignment, assigning its interests in the Deed of Trust to U.S. Bank. Dkt. 4 at 46. Both assignments are attached to Plaintiffs' complaint. Plaintiffs argue that the assignments are void.

Plaintiffs allege that the August 4, 2008 assignment was void on its face because it was not notarized until September 5, 2008. Plaintiffs also argue that the March 23, 2012 assignment was executed by "robo signers," that Knox has never been employed by MERS, and that the assignment was notarized in Florida but that Knox lives in Louisiana. First, the Fifth Circuit has rejected similar arguments regarding "robo signers" and the lack of authority of a corporate representative to execute

any assignment. *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 227 (5th Cir. 2013) ("a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal...."). As to the date and place of notarization, there is no authority before the Court – and in fact, Defendants cite authority to the contrary – to show that the assignments were required to be notarized in order to be effective. Because Plaintiffs have not alleged any facts that would make the assignments facially invalid and because Plaintiffs were not the purportedly defrauded assignors, they cannot state a claim based on the challenge to the assignments. *Golden v. Wells Fargo Bank, N.A.*, 557 Fed. App'x 323, 326 (5th Cir. 2014) ("Here, there is a facially valid assignment of the deed of trust from New Century to Wells Fargo. New Century—as assignor—has not challenged the assignment."); *Reinagel*, 735 F.3d at 227 ("facially valid assignments cannot be challenged by want of authority except by the defrauded assignor."). For the same reason, Plaintiffs cannot state any claims under an alleged Pooling and Servicing Agreement (*see* Dkt. 4 at ¶20). *Golden*, 557 Fed. App'x at 326 ("plaintiffs who are not a party to the PSA 'have no right to enforce its terms unless they are its intended third-party beneficiaries.'") (citing *Reinagel,* 735 F.3d at 228).

The assignments give Defendant U.S. Bank the right to foreclose on the Property. *See L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 750 (5th Cir. 2014) ("Thus, the district court properly dismissed the claims against MERS because MERS was acting within its rights under the Deed of Trust when it assigned its interest to Wells Fargo. Similarly, the district court properly

7

dismissed the claims against Wells Fargo because, as the holder of the Deed of Trust, Wells Fargo had authority to foreclose on the L'Amoreauxes' property."); *Wiley v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4779686, 2-3 (5th Cir. 2013) ("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law."); *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (finding that no quiet title claim had been stated where the plaintiff did not challenge the validity of the Deed of Trust or suggest its interest was superior to the Deed of Trust but merely questioned the validity of the assignment of the Deed of Trust by MERS); *Turner v. AmericaHomeKey Inc.*, 514 Fed. App'x 513, 516-517 (5th Cir. 2013) (affirming dismissal of quiet title action where record contained documentation of transfer of deed of trust to MERS and plaintiff failed to state any facts regarding strength of his title to the property).

Having made those findings which seem to underlie all of Plaintiffs' claims here, the Court briefly addresses the two independent causes of action raised by Plaintiffs. First, Plaintiffs allege that Defendants committed fraud. To assert a claim of fraud under Texas law, a plaintiff must allege that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby

8

suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Further, to state a claim for fraud in federal court, a plaintiff must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed. 2003))).

Most of Plaintiffs' fraud claim is based on the arguments addressed above regarding the holder of the Note and the execution of the assignments. They therefore cannot establish the misrepresentation element necessary for fraud and have not stated any misrepresentation sufficient under Rule 9(b)'s pleading standards. And, even if these were sufficient to state a misrepresentation, Plaintiffs have not alleged any reliance by Plaintiffs on the assignments or any other claimed misrepresentations sufficient to sustain a fraud claim. Plaintiffs' fraud claim should therefore be dismissed for failure to state a claim.

The Court notes that as part of their common law fraud claims, Plaintiffs also assert a claim under Texas Civil Practices and Remedies Code § 12.002. To establish a violation of Texas Civil Practice and Remedies Code Section 12.002, which prohibits the filing of false liens against another's property, a plaintiff must show that "defendant made, presented, or used a document with: (1) knowledge that document was a fraudulent lien; (2) intent that document be given the same legal effect as a court record evidencing a valid lien; and (3) intent to cause another person to suffer financial injury." *Vanderbilt Mortg. and Finance, Inc. v. Flores*, 692 F.3d 358, 376-77 (5th Cir. 2012).

Plaintiffs have failed to plead any facts that would show that Defendants intended to cause them physical injury, financial injury, or mental anguish, or any facts that would show that the Property would not otherwise have been subject to foreclosure absent the assignments.[1] They have failed to state a claim under § 12.002 of the Texas Civil Practice & Remedies Code. *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014).[2]

---

[1] Although Plaintiffs allege Defendants have been "paid in full," this contention appears to be based on Plaintiffs' split-the-note argument. *See* Dkt. 4 at ¶¶ 27-33. Plaintiffs' concede default on the Note later in their pleadings. *See* Dkt. 4 at ¶40.

[2] This Court makes this finding without reaching whether the assignments at issue would fall within the purview of Section 12.002(a). The Court notes that "[c]ourts interpreting Section 12.002(a) have held that, in order to state a claim, the plaintiff must allege the challenged instrument purported to *create* a lien or claim against real property." *Perdomo v. Fed. Nat. Mortgage Ass'n,* 2013 WL 1123629, at *5 (N.D. Tex. 2013) (citing *Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp.2d 805, 2012 WL 3756276, at *7 (W.D. Tex. 2012)). Federal district courts in cases like Plaintiffs' have found that, because an assignment merely transfers an

Plaintiffs next assert a slander of title claim. As to a claim of slander of title, one Texas Court has explained:

> "Slander of title" is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages. The requisite elements include the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged. Further, the complaining party must demonstrate the loss of a specific sale.

*Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 758 -759 (Tex. App. – El Paso 2009, no pet.) (internal citations omitted).

As with Plaintiffs' fraud claim, Plaintiffs' slander of title claim is founded primarily on their rejected challenges to the assignments of the Deed of Trust. As noted above, Plaintiffs have failed to state any false statements by Defendants. Moreover, Plaintiffs have not adequately stated any facts showing the malice required to state a slander of title claim. *See Storm Assocs., Inc. v. Texaco, Inc.*, 645 S.W.2d 579, 588 -589 (Tex. App. – San Antonio 1982), *aff'd*, 645 S.W.2d 579 (Tex. 1985)

---

existing deed of trust from one entity to another, it does not create a lien or claim against real property as contemplated by the statute. *Akins v. Wells Fargo Bank*, N.A. 2013 WL 4735581, 3 (E.D. Tex. 2013) (Schell, J.); *Jaimes v. Federal Nat. Mortg. Ass'n,* 930 F. Supp.2d 692, 697 (W.D. Tex. 2013) ("both the plain language and legislative history of the statute indicate it was never intended to apply to mortgage assignments"); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp.2d 805, 813 (W.D. Tex. 2012) ("The plain and common meaning of the statute's words do not suggest the Texas legislature intended to include mortgage assignments within the purview of Chapter 12."); *Perdomo,* 2013 WL 1123629, at *5 (N.D. Tex. 2013) (internal quotation marks omitted).

("A claim of title does not constitute malice where the claim is made under color of title or upon reasonable belief that parties have title to the property acquired."). Finally, Plaintiffs have not alleged the loss of any specific sale, which must be alleged to support a slander of title action. *Elijah Ragira/VIP Lodging Group, Inc.*, 301 S.W.3d at 758 -759. There are simply no facts that would support a slander of title claim.

Finally, Plaintiffs seek a temporary restraining order to prevent a foreclosure sale as well as a declaration that they own the subject property. Because Plaintiffs have failed to state any facts entitling them to any relief, they are not entitled to declaratory or injunctive relief. *See California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits."). This matter should be dismissed in its entirety.

### RECOMMENDATION

The Court recommends that Defendants' Motion to Dismiss Under Rule 12(b)(6) (Dkt. 8) be GRANTED, that Plaintiffs take nothing by any of their claims against Defendants, and that this matter be closed on the Court's docket. All deadlines in the Court's October 30, 2014 scheduling order are abated pending the District Judge's consideration of this report and recommendation.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of December, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE